**CV 15 5575**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

TAMUNA DAVITASHVILI,

                Plaintiff,

- against -

BEACON VAN LINE AND STORAGE, INC., and
VICTOR SABACH, *Individually*,

                Defendants.

------------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

AMON, CH.J.

ORENSTEIN, M.J.

FILED
CLERK
2015 SEP 28 AM 8:39
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Plaintiff, TAMUNA DAVITASHVILI, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendants, as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendants pursuant to the <u>Fair Labor Standards Act</u>, 29 U.S.C. §201 *et seq.* ("FLSA") and the <u>New York State Labor Law, Articles 6 & 19</u> ("NYLL") **<u>for failure to pay commission and overtime</u>** and seeks to recover unpaid wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs.

2. **<u>Defendants regularly required Plaintiff to work more than forty (40) hours a week, but wholly failed to pay her overtime wages for all of the hours she worked over forty (40) in a week</u>**.

3. Plaintiff also complains pursuant to the <u>Wage Theft Prevention Act</u>, New York Labor Law § 195, *et seq.* and seeks to redress the damages she has suffered as a result of Defendant's **<u>failure to give her written notice of wage rates</u>**, including, inter alia, her

rate of pay and overtime rate of pay.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper under § 216(b) of the FLSA (29 U.S.C. §216 (b)), and 28 U.S.C. §§ 1331 and 1343.

5. The Court has supplemental jurisdiction over Plaintiff's claims brought under state and city law pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

7. That at all times relevant hereto, Plaintiff TAMUNA DAVITASHVILI ("DAVITASHVILI") was a resident of the State of New York and County of Kings.

8. That at all times relevant hereto, Defendant BEACON VAN LINE AND STORAGE, INC., ("BEACON") was a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principle place of business located at 5724 2nd Avenue, Floor 2, Brooklyn, NY 11220.

9. At all times relevant, Defendant BEACON employed Plaintiff DAVITASHVILI and had the power to, and was responsible for, determining the wages to be paid to Plaintiff.

10. That at all times relevant hereto, Defendant VICTOR SABACH ("SABACH") was an employee of Defendant BEACON, holding the position of "Owner."

11. That at all times relevant hereto, Defendant SABACH served as Plaintiff DAVITASHVILI's supervisor and had the power to hire, fire, and/or directly affect the terms and conditions of Plaintiff's employment.

2

12. That at all times relevant hereto, Defendant BEACON and Defendant SABACH are collectively referred to herein as "Defendants."

13. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, both Defendants are liable as "employers" under the FLSA.

14. Upon information and belief, Defendant BEACON grossed more than $500,000 in the past fiscal year and routinely engaged in activities which facilitated or related to interstate or foreign commerce.

15. As such, during her employment with Defendants, Plaintiff also routinely engaged in activities which facilitated or related to interstate or foreign commerce while on the job.

## MATERIAL FACTS

16. On or about April 28, 2014, Plaintiff DAVITASHVILI began working for Defendants as a "Salesperson," with a salary of $350/week plus commission.

17. At no point throughout Plaintiff DAVITASHVILI's employment with Defendants did Defendants give Plaintiff written notice of wage rates, including Plaintiff's rate or rates of pay, overtime rate of pay, how the employee is paid (by the hour, shift, day, week, commission, etc.), the day of her regular payday, or the official name of the employer and any other names used for business.

18. Defendants broker moving and storage services, and much of their business consists of providing services for clients effectuating interstate moves.

19. Plaintiff's job responsibilities consisted of providing estimates and setting up the logistics

...
...

of the individual jobs she booked.

20. At all times relevant hereto, Plaintiff DAVITASHVILI was an exemplary employee and always received praise for her work performance.

21. At all times relevant hereto, the work performed by Plaintiff DAVITASHVILI required no capital investment.

22. At all times relevant hereto, Plaintiff DAVITASHVILI did not have any supervisory or managerial responsibilities.

23. As Plaintiff DAVITASHVILI was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for each hour of overtime that she worked each week.

24. However, although Defendants regularly required Plaintiff DAVITASHVILI to work more than forty (40) hours a week, **Defendants wholly failed to compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week,** in violation of the FLSA and the NYLL.

25. From on or about April 28, 2014, until on or about December 31, 2014, a period of approximately thirty-five and one-half (35.5) weeks ("the 35.5-week period"), Plaintiff DAVITASHVILI was regularly scheduled to work approximately forty-six (46) hours per week (Monday through Friday from 9:00 am through 6:00 pm and Sunday from 10 am to 5 pm, with one unpaid hour off for lunch each day).

26. During the 35.5-week period, the New York state minimum wage was $8.00 per hour. As such, during this period, Defendants should have paid Plaintiff DAVITASHVILI $392.00 per week (40 regular hours @ $8.00/hr. plus 6 overtime hours @ $12.00/hr.). However, during this same period, Defendants paid Plaintiff only $350.00 per week, effectively

4

underpaying Plaintiff by $42.00 per week. Accordingly, Defendants underpaid Plaintiff $1,491.00 during the 35.5-week period (35.5 x $42.00).

27. Furthermore, on January 1, 2015, the New York state minimum wage increased to $8.75 per hour. From January 1, 2015 until on or about May 31, 2015, a period of approximately twenty-one and one-half (21.5) weeks ("the 21.5-week period"), Plaintiff DAVITASHVILI continued to work approximately forty-six (46) hours per week, as she did during the initial 35.5-week period. As such, during the 21.5-week, Defendants should have paid Plaintiff DAVITASHVILI $428.78 per week (40 regular hours @ $8.75/hr. plus 6 overtime hours @ $13.13/hr.). Nevertheless, during this time period, Defendants continued to pay Plaintiff only $350.00 per week, effectively underpaying Plaintiff by $78.78 per week. Accordingly, Defendants underpaid Plaintiff $1,693.77 during the 21.5-week period (21.5 x $78.78).

28. From on or about June 1, 2015 through on or about July 23, 2015, a period of approximately seven and one-half (7.5) weeks ("the 7.5-week period"), Plaintiff DAVITASHVILI's salary was increased to $400 per week. However, her lunch break was reduced from one (1) hour to forty-five (45) minutes, thereby increasing the number of hours Plaintiff worked from approximately forty-six (46) hours per week to approximately forty-seven and one-half (47.5) hours per week. During the 7.5-week period, Defendants should have paid Plaintiff DAVITASHVILI $448.48 per week (40 regular hours @ $8.75/hr. plus 7.5 overtime hours @ $13.13/hr.). Accordingly, Defendants underpaid Plaintiff $363.60 during the 7.5-week period (7.5 x $48.48).

29. Plaintiff voluntarily resigned from her position with Defendants on or about July 23, 2015 to pursue other career avenues. After tendering her resignation, Plaintiff

5

DAVITASHVILI attempted to collect from Defendants $900.00 in commission fees that are owed to her by Defendants for sales/bookings Plaintiff made in the months prior to her resignation. Plaintiff DAVITASHVILI has earned and is owed these commission fees, and upon information and belief, Defendants do not dispute Plaintiff's claim that she is owed these fees. Nevertheless, Defendants have refused to pay Plaintiff because she did not give Defendants two-weeks-notice.

30. Defendants failed to comply with the FLSA and the NYLL by not paying Plaintiff DAVITASHVILI the mandated overtime wages each week and by refusing to pay Plaintiff the commission owed her.

31. Moreover, Defendants failed to comply with the New York Wage Theft Prevention Act ("WTPA") by failing to provide Plaintiff DAVITASHVILI with any sort of written notice regarding her regular rate of pay and overtime rate of pay. Additionally, throughout all relevant time periods, upon information and belief, Defendants failed to post and/or to keep posted a notice explaining the overtime pay rights provided by the FLSA and the NYLL.

32. As a result of Defendants' violation of the WTPA, Plaintiff DAVITASHVILI is entitled to $2,183.00 in damages for the time period between on or about April 28, 2014 and February 27, 2015, the date when the amendments to the WTPA took effect (43.66 weeks @ $50/week), plus $6,300.00 for the time period between February 27, 2015 and Plaintiff's final day of employment with Defendants, on or about July 23, 2015 (126 days @ $50 per work day).

33. **However, penalties for each violation of the WTPA may not exceed $5,000.00. Therefore, Plaintiff DAVITASHVILI is entitled to $5,000.00 in damages, plus costs**

6

**and attorneys' fees.**

34. Plaintiff DAVITASHVILI's performance was, upon information and belief, above average during the course of her employment with Defendants.

35. As a result of the above, Plaintiff DAVITASHVILI has been damaged in an amount in excess of the jurisdiction of the Court.

36. Defendants' failure to pay Plaintiff DAVITASHVILI her proper earned wages required by law was willful. Furthermore, Defendants failure to give Plaintiff proper notice pursuant to the Wage Theft Prevention Act was also willful.

37. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff DAVITASHVILI demands Liquidated and Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## OVERTIME

38. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

39. Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for all hours Plaintiff worked in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which she was employed.

40. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201 et seq. and its implementing regulations.

41. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. §207.

42. Defendants' failure to pay proper overtime wages for every hour worked over forty (40) hours per week was willful within the meaning of 29 U.S.C. §255.

43. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## OVERTIME

44. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

45. Defendants employed Plaintiff within the meaning of NYLL §§2, 190, and 651.

46. Defendants failed to pay Plaintiff a premium for all hours worked in excess of forty (40) hours per week, in violation of NYLL §170.

47. Defendants violated Plaintiff's right to overtime pay under Title 12 NYCRR 142-2.2.

48. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

49. Defendants' failure to pay proper overtime wages was willful.

50. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## PAYMENT OF SALES COMMISSION

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint as if same were set forth herein fully at length.

52. Defendants willfully employed Plaintiff as a salesperson in the aforementioned enterprise and failed to pay Plaintiff all of her earned commissions, in violation NYLL §191-C.

53. New York Labor Law §191-C states:

   1. When a contract between a principal and a sales representative is terminated, all earned commissions shall be paid within five business days after termination or within five business days after they become due in the case of earned commissions not due when the contract is terminated.

   2. The earned commission shall be paid to the sales representative at the usual place of payment unless the sales representative requests that the commission be sent to him or her through the mails. If the commissions are sent to the sales representative by mail, the earned commissions shall be deemed to have been paid as of the date of their postmark for purposes of this section.

   3. A principal who fails to comply with the provisions of this section concerning timely payment of all earned commissions shall be liable to the sales representative in a civil action for double damages. The prevailing party in any such action shall be entitled to an award of reasonable attorney's fees, court costs, and disbursements.

54. Due to Defendants' violation of New York Labor Law §191-C, Plaintiff is entitled to recover all appropriate legal and equitable relief, including but not limited to, compensatory damages, liquidated damages, attorneys' fees and costs.

### AS A FOURTH CAUSE OF ACTION
### VIOLATION OF THE WAGE THEFT PREVENTION ACT

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

56. Defendants failed to give Plaintiff written notice regarding: her regular rate of pay, overtime rate of pay, how she was to be paid, her "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor, allowances taken as part of the

9

minimum wage, in violation of NYLL § 195.

57. As this occurred for the entirety of Plaintiff's employment, she is entitled to the maximum amount available under the law.

## JURY DEMAND

58. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the Fair Labor Standards Act and the New York State Labor Law by failing to pay Plaintiff earned commission and overtime wages;

B. Declaring that Defendant engaged in unlawful employment practices prohibited by the New York State Labor Law by failing to give proper notice pursuant to the Wage Theft Prevention Act.

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful employment practices and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay overtime wages and earned commission;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
September 24, 2015

                                              **PHILLIPS & ASSOCIATES,**
                                              **ATTORNEYS AT LAW, PLLC**

                                              */s/ Alex Umansky*
                                              Alex Umansky (AU7961)
                                              *Attorneys for Plaintiffs*
                                              45 Broadway, Suite 620
                                              New York, New York 10006
                                              212-248-7431
                                              aumansky@tpglaws.com