## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made this 14 day of April, 2016, between Tamuna Davitashvili ("Plaintiff") and between Beacon Van Line and Storage, Inc. ("Defendant, Employer"), and Victor Sabach ("Defendant, Manager") collectively referred to herein as the "Parties".

WHEREAS, Plaintiff alleges claims under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and the New York State Labor Law, Articles 6 & 19, ("NYLL") for failure to pay wages due and owed for hours worked in excess of forty (40) hours per week, for failure to pay commission, and for failure to be provided with written notice of wage rates, pursuant to The Wage Theft Prevention Act, New York Labor Law § 195 et seq. ("WTPA") (referred to herein as "the Action.");

WHEREAS, on or about September 28, 2015, Employee filed a Complaint against Employer in the United States District Court for the Eastern District of New York, Case No. 15-CV-5575, which is captioned TAMUNA DAVITASHVILI v. BEACON VAN LINE AND STORAGE, INC., and VICTOR SABACH, alleging claims under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and the New York State Labor Law, Articles 6 & 19, ("NYLL") for the allegations described in the previous paragraph (the "Action")

WHEREAS, Plaintiff, having thoroughly considered the facts and law underlying the Action, after weighing the costs and uncertainties of litigation against the likelihood of success, have determined that it is in her best interests that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement, and that these terms and conditions are fair, reasonable and adequate; and

WHEREAS, Defendants, who believes it has substantial defenses to the Action alleged against it in the draft Complaint, has denied and continues to deny the allegations of wrongdoing, liability, and/or violations of any laws and/or the existence of any damages asserted in or arising from the Action, but has nevertheless concluded that litigation in connection with the Action would be protracted, time-consuming, expensive, and distracting, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement, and that these terms and conditions are fair, reasonable and adequate; and

WHEREAS, the Parties now wish to resolve their differences amicably without the expense of further litigation;

NOW, THEREFORE, with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state and/or local law:

1. **Settlement Payment for Plaintiff's Claims Under the Fair Labor Standards Act.**

    a. In full and final settlement of Plaintiff's claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and in consideration for the release

contained in Paragraph 2 of this Agreement, Settling Defendants, jointly and severally, shall make an aggregate payment of $7,000.00, as follows:

b. Payment of $2,000.00 for attorneys' fees, by delivering a check to "Phillips & Associates, Attorneys at Law, PLLC."

c. Payment of $626.16 for costs, by delivering a check to "Phillips & Associates, Attorneys at Law, PLLC.

d. The payment was made in full by Defendants and delivered to Plaintiff's Counsel, Phillips & Associates, Attorneys at Law, PLLC on November 20, 2015.

2. **Taxes**

Plaintiff agrees that Defendants will report the amounts paid herein as required by all applicable laws to the Internal Revenue Service and all other such agencies on the applicable forms. Plaintiff agrees that she shall be solely responsible for paying any and all federal, state and/or local taxes each owes which may be due on any amounts paid pursuant to this Agreement. Plaintiff agrees that she will consult her own tax advisor to advise her about the tax consequences of the payments under Paragraph 1. Plaintiff acknowledges that Defendants neither made nor makes no representation to her regarding the income tax treatment or consequences of the payments under Paragraph 1.

3. **FLSA Release**

a. Subject to applicable law and rule of the Court, in consideration for the payment and benefits provided for in Paragraph 1 of this Agreement, Plaintiff and her successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants and their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's claims under the Fair Labor Standards Act of 1938, as amended, and any claim for costs, fees or other expenses, including attorneys' fees incurred in these matters.

b. Plaintiff hereby expressly consents that the general release contained in Paragraph 3(a) shall be given full force and effect according to each and all of its express terms and provisions. Plaintiff hereby expressly acknowledges that she has been advised to review this Agreement and the release that it contains with an attorney, that she understands and acknowledges the significance and consequences of said release, and that she understands and acknowledges that without such provision,

>  Defendants would not have entered into this Agreement or provided Plaintiff with the payments and benefits described in Paragraph l.

4. **Stipulation of Dismissal**

    a. Counsel for Plaintiff and Defendant Mr. Sabach shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement. The terms of the Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's approval and/or execution of the Stipulation (the "Effective Date").

    b. Upon the Court's approval, the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as Exhibit A shall be filed with the Court (via ECF) by Plaintiff's counsel.

5. **Conditioned on Approval**

    In the event the Court rejects and disapproves of the settlement terms set forth in this Agreement and enter the Order as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

6. **Non-Admission**

    The Parties agree that this Agreement and any documents that the parties execute in connection with this Agreement are not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation by Plaintiff of any of Defendants' policies or procedures, or of any federal, state or local statute, regulation or ordinance. Nor shall anything in this Settlement Agreement or in any documents that the parties execute in connection with this Agreement be construed as an admission of the absence of liability of any Party. Moreover, neither this Agreement nor any documents that the parties execute in connection with this Agreement, nor anything contained in the Agreement and those documents shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

7. **Confidentiality**

    Subject to applicable law and rule of the Court, the Parties agree that the terms and conditions of this Agreement, all discussions and settlement negotiations leading thereto, and all documents exchanged in connection with this Agreement, including any of Plaintiff's personal tax information (the "Confidential Information"), shall be deemed confidential and shall be retained in confidence by the Parties. Notwithstanding this paragraph, any Party (i) if compelled by subpoena, court order, or required by law to disclose the Confidential Information, or (ii) in connection with the enforcement of this Agreement, may disclose such Confidential Information; provided, however, that such

disclosure be limited to that minimum portion of the Confidential Information that is necessary to comply with (i) or (ii) above. The Parties may also disclose the Confidential Information to their financial and tax advisors, their legal counsel, and interpreters used by the Parties' attorneys, provided that the Parties inform those to whom they disclose Confidential Information of the confidentiality obligations under this Agreement.

   a. Notwithstanding the foregoing, the Parties understand and agree that nothing in this Agreement shall be construed so as to prohibit any Party from seeking court approval of the terms of this Agreement or disclosing the existence of this Agreement to the Court in the Action in connection with such a request. Except as required by law, each Party must hold the terms and conditions contained in this Agreement in the strictest confidence, and neither shall any of them disclose to any person, firm, corporation, organization, or other entity the nature of the disputes between the Parties that gave rise to this lawsuit. Plaintiff and Defendants may, however, on the condition of confidentiality, inform members of their immediate families, tax advisors, investment advisors, accountants and attorneys of the terms and conditions embodied in this Agreement.

8. **Non-Disparagement**

The Parties agree that they will not make any disparaging remarks, written or verbal, intended to adversely affect or having a foreseeable result of adversely affecting each other or each other's business, good name or reputation.  Notwithstanding the foregoing, nothing in this Agreement shall prohibit the Parties from (a) making truthful statements or disclosures that are required by applicable law, regulation, or legal process, (b) requesting or receiving confidential legal advice, or (c) testifying truthfully in any legal proceeding.

   a. If contacted by a potential employer of Plaintiff, Defendant shall give a neutral reference regarding her past employment, i.e., confirmation of the dates of her employment and the positions held.

9. **Applicable Law; Forum Selection**

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles. The Parties consent to the sole jurisdiction of the United States District Court for the Southern District of New York for any litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over New York County.

10. **Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties.  There is no other agreement except as stated herein. No other promises or agreements shall be binding or shall modify this Agreement unless signed by Plaintiff and an authorized representative of Defendants hereto,

specifically referring to this Agreement and the modification or amending of it. Plaintiff acknowledges that Defendants have made no promises to her other than those contained in this Agreement.

**11. Construction**

The Parties agree that the terms and conditions of this Agreement are the result of arms-length negotiations between the Parties, and this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Agreement.

**12. Non-Waiver**

No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right.  A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

**13. Counterparts; Original Signatures**

This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.  A copy, including a facsimile or PDF copy, of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

**14. Knowing and Voluntary Waiver**

Plaintiff represents and agrees that:

a. She is not suffering from any disability or impairment that would render her unable to read, consider and/or understand this Agreement;

b. She has carefully read and fully understands all of the provisions of this Agreement;

c. She is freely and voluntarily entering into this Agreement and knowingly discharging all of the Releasees in accordance with the terms contained in the FLSA release above in Paragraph 3 in exchange for the consideration described herein, which is in addition to something of value to which she was/is already entitled;

d. Before signing this Agreement, Plaintiff consulted with her attorney(s); and

e. The period of time Plaintiff had to consider her rights and obligations under this Agreement was reasonable.

The Parties hereby execute this Agreement of their own free will and intend to be legally bound.

15. <u>Signatures</u>

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

_____
Tamuna Davitashvili
Date: 4/14/16

_____
VICTOR SABACH
Date: 3/31/2016

_____
On behalf of Beacon Van Line