UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TAMUNA DAVITASHVILI,                                                    REPORT AND
                         Plaintiff,                       RECOMMENDATION
        - against -
BEACON VAN LINE AND STORAGE, INC., et al.,                              15-CV-5575 (CBA) (JO)
                        Defendants.
-----------------------------------------------------------------------X

James Orenstein, Magistrate Judge:

       In a Complaint filed on September 28, 2015, plaintiff Tamuna Davitashvili ("Davitashvili") accused defendant Beacon Van Line and Storage, Inc. ("Beacon") and its owner, defendant Victor Sabach ("Sabach"), of failing to pay her the wages she was due under state and federal law, failing to pay her commissions she was due, and failing to provide notice of her wage rights. *See* Docket Entry ("DE") 1 (Complaint); 29 U.S.C. § 201, *et seq.* (the Fair Labor Standards Act, or "FLSA"); N.Y. Labor Law ("NYLL") §§ 196–d, 650, *et seq.* The parties now seek approval of a proposed settlement agreement. DE 21. Upon a referral from the Honorable Carol Bagley Amon, United States District Judge, and for the reasons set forth below, I now respectfully recommend that the court deny the motion without prejudice to renewal.

I.     Background

       The parties first sought approval for a proposed settlement agreement in a letter dated December 1, 2015, and filed on December 9, 2015. DE 13.[1] The court referred the motion to me by order dated December 10, 2015. Because the parties had requested approval without providing a copy of the agreement for which they sought approval, by order dated December 11, 2015, I respectfully ordered them to file the proposed agreement on the docket. Eleven days later, the

---

[1] Beacon has never responded to the Complaint or otherwise appeared. Sabach has negotiated a settlement on his own behalf, but because he is not a lawyer he cannot appear on his company's behalf. However, Sabach has signed the proposed settlement agreement on behalf of both himself and his company, and the agreement, if approved, would resolve all of Davitashvili's claims against both defendants. *See* DE 21-1 (proposed settlement agreement) (the "Agreement") ¶ 3(a).

1

parties filed the proposed agreement under seal, along with a motion to maintain such secrecy. DE 14. I promptly denied that motion, citing *Ordonez v. Mio Posto Rest., Inc.*, 2014 WL 1672354, at *1 (E.D.N.Y. Apr. 21, 2014) (citing and summarizing prevailing case law rejecting requests to seal settlements under the FLSA), and directed the parties to "file the settlement agreement on the public docket if they continue to seek approval of that agreement." Corrected Order dated Dec. 23, 2015. By the time of the next scheduled conference, nearly two weeks later, the parties had still not filed their proposed agreement on the public docket, and I pressed Davitashvili either to do so within the next two weeks or show cause why I should not recommend dismissal for failure to prosecute. DE 15 (minute entry). The parties then filed their second motion to approve the settlement, this time with the terms of their proposed agreement on the public docket. DE 16.

At a conference on February 11, 2016, I shared with the parties my concerns about certain aspects of the proposed agreement that would lead me to recommend against its approval:

> the lack of information about attorneys' fees (which counsel disclosed was contemplated to be 40 percent of the $7,000 settlement amount, a rate that would be a further basis for me to recommend against approval); the lack of explanation as to why the settlement amount should be deemed a fair outcome; and the overbreadth of the … confidentiality, and non-disparagement terms.

DE 18 (minute entry).[2] Upon hearing those concerns, "[t]he parties agreed to confer and submit a revised motion based on an amended settlement agreement." *Id.* I therefore entered an order on that same date deeming the motion for settlement approval withdrawn without prejudice to the parties' right to submit a further motion for approval of the revised agreement. The parties expressed their commitment to revise and resubmit a proposed agreement during two subsequent status conferences on March 14 and 28, 2016. DE 19; DE 20. The parties ultimately did so on April 14, 2016. DE 21 (letter motion).

---

[2] The order also mistakenly referred to the release provision; however, I do not recommend denial of the motion on the basis of that part of the Agreement.

II.     Discussion

An agreement to settle and dismiss claims under the FLSA requires the approval of either the court in which such claims are asserted or the United States Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (citing *Cheeks*, 796 F.3d at 200). As set forth below, the parties' Agreement includes three provisions that warrant withholding such approval.

A.      Fairness

"District courts must evaluate whether a proposed FLSA settlement is 'fair and reasonable' and whether any proposed award of attorneys' fees is reasonable." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (citing *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012)).

> [R]elevant factors include (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* (citing *Wolinsky*, 900 F. Supp. 2d at 335) (internal quotation marks omitted).

In *Nights of Cabiria*, the court rejected the proposed settlement agreement in part because the parties had failed to provide sufficient information to establish that the settlement amount represented a fair and reasonable settlement as to each plaintiff. *Id.* at 176-77. It also rejected the proposed settlement because it provided for attorneys' fees at "between 40 and 43.6 percent of the total settlement payment without adequate documentation to support such a fee award." *Cheeks*, 796 F.3d at 206 (citing *Nights of Cabiria*, 96 F. Supp. 3d at 173, 181-82) (internal quotation marks omitted).

Neither the Agreement itself nor the parties' letter motion satisfies that standard. Notwithstanding my request for an explanation as to why the total settlement amount of $7,000

represents a fair outcome, the parties have provided none. Moreover, the Agreement provides for a payment of fees and costs to Davitashvili's counsel of $2,626.16, or 37.5 percent of the total payment, without any supporting documentation.

B.  Confidentiality

"The overwhelming majority of courts reject the proposition that FLSA settlement agreements can be confidential." *Armenta v. Dirty Bird Grp., LLC*, 2014 WL 3344287, at *2 (S.D.N.Y. June 27, 2014). "[H]ighly restrictive confidentiality provisions …. are in strong tension with the remedial purposes of the FLSA." *Nights of Cabiria*, 96 F. Supp. 3d at 177. In *Coffin v. MRI Enters.*, 2015 WL 3930272, at *1 (E.D.N.Y. Mar. 19, 2015), the court rejected a settlement agreement in part on the basis of a provision requiring all parties to "keep the existence, terms, and events leading up to and incorporated within this Agreement strictly confidential except insofar as permitted or required by applicable law." The court held that that provision was "contrary to well-established public policy and impedes one of the goals of the FLSA—to ensure that all workers are aware of their rights." *Id.* (citing *Guareno v. Vincent Perito, Inc.*, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014) (internal quotation marks omitted)).

The proposed Agreement provides that "the terms and conditions of this Agreement, all discussions and settlement negotiations leading thereto, and all documents exchanged in connection with this Agreement … shall be deemed confidential and shall be retained in confidence by the Parties." Agreement at 3. It further prohibits any disclosure of "the nature of the disputes between the Parties that gave rise to this lawsuit." *Id.* at 4. Davitashvili may disclose such information to members of her immediate family, financial advisors, accountants or attorneys, provided she binds them to the same confidentiality promise she has made, but she may not disclose the terms and background of the Agreement to fellow workers. The Agreement thus conflicts with applicable

4

precedent and "well-established public policy" by preventing Davitashvili from ensuring that other workers are "aware of their rights." *See Coffin*, 2015 WL 3930272, at *1.

    C.    <u>Non-Disparagement</u>

In *Nights of Cabiria*, the court declined to approve "any provisions in the Agreement that would bar plaintiffs from openly discussing their experiences litigating this wage-and-hour case[,]" finding that the congressional purpose of vindicating the FLSA rights of workers trumps the interest in non-disclosure. 96 F. Supp. 3d at 178, 180. The court, however, did leave open the possibility of an appropriate non-disparagement provision:

> It is important to note that not every non-disparagement clause in an FLSA settlement is *per se* objectionable. As consideration for a settlement payment, plaintiffs may contract away their right to say things that are insulting or calumnious about the defendants. But insofar as Section 8(C) would bar plaintiffs from making "any negative statement" about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the statute and, in this context, is not "fair and reasonable."

*Id.* at 180, n.65.

The parties here have agreed that they "will not make any disparaging remarks, written or verbal, intended to adversely affect or having a foreseeable result of adversely affecting each other or each other's business, good name or reputation." Agreement at 4. While the provision does make an exception for truthful statements, it is only to the extent that such statements are required "by applicable law, regulation or legal process." *Id.* The provision thus improperly prevents Davitashvili from "openly discussing [her] experiences litigating this wage-and-hour case." *See Nights of Cabiria*, 96 F. Supp. 3d at 178.

III.    <u>Conclusion</u>

For the reasons set forth above, I respectfully recommend that the court deny the motion to approve the proposed settlement without prejudice to renewal on the basis of a revised agreement that cures the defects discussed above.

IV.     Objections

I respectfully direct the plaintiff's counsel to serve a copy of this Report and Recommendation on defendant Sabach by certified mail, and to file proof of service no later than May 26, 2016. Any objections to this Report and Recommendation must be filed no later than June 9, 2016. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F. 3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
May 23, 2016

/s/
JAMES ORENSTEIN
U.S. Magistrate Judge