FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 26 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TAMUNA DAVITASHVILI,

                Plaintiff,

   -against-

BEACON VAN LINE AND STORAGE, INC.,
AND VICTOR SABACH,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-5575 (CBA) (JO)

**AMON, United States District Judge:**

On September 28, 2015, plaintiff Tamuna Davitashvili filed the instant complaint against defendants Beacon Van Line and Storage, Inc., and its owner, Victor Sabach, bringing claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and New York Labor Law §§ 196-d, 650, et seq. (D.E. # 1.) The parties then reached a settlement agreement, which requires the approval of either the court or the Department of Labor, see Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The parties moved for approval of their agreement, (D.E. # 13), and the Court referred that motion to the Honorable James Orenstein, United States Magistrate Judge, for report and recommendation ("R&R"), (D.E. dated Dec. 10, 2015). With Judge Orenstein's guidance, the parties submitted three revised settlement agreements addressing deficiencies in their original agreement. (D.E. # 16, 21, 26.) In his R&R regarding the third proposed settlement, (D.E. # 21), Judge Orenstein found that the settlement did not meet the Cheeks fairness standard and recommended that the Court reject the settlement agreement without prejudice to renewal. (D.E. # 22.) Specifically, Judge Orenstein noted a number of factors rendering the settlement unreasonable, including high and unsubstantiated attorneys' fees, the lack of explanation for why the proposed $7,000 settlement represents a fair outcome for the plaintiff,

1

as well as confidentiality and non-disparagement provisions that contravene the purposes of the Fair Labor Standards Act. The Court adopted Judge Orenstein's recommendation and denied the proposed settlement without prejudice to renewal on the basis of a revised agreement that cures the defects discussed in the R&R. (D.E. # 23.) The parties now move for approval of their fourth proposed settlement agreement, (D.E. # 26), which Judge Orenstein has recommended that this Court grant.

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted).

The Court has reviewed the R&R and the record, including the revised settlement agreement, and finds no clear error in Judge Orenstein's recommendation. The parties have resolved the concerns noted in the R&R by removing the problematic confidentiality and non-disparagement provisions and providing a reasonable explanation for the fairness of the settlement amount. (D.E. # 26.) They have also cured the issue of attorneys' fees by having Plaintiff's counsel waive any rights to fees and instead seek only reimbursement for their documented costs of $626.16. The Court therefore adopts Judge Orenstein's recommendation that the motion for approval of the proposed settlement agreement be granted.

SO ORDERED.

Dated: September 26, 2016
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

2